# EXHIBIT A



# FERGUSON CHAMBERS & SUMTER, P.A.

June 17, 2022

**Attorneys**

James E. Ferguson, II

Geraldine Sumter

*Julius L. Chambers*
*(1936 – 2013)*

**Office**

309 East Morehead St.

Suite 110

Charlotte NC 28202

t 704.375.8461

f 980.938.4867

**Mailing**

PO Box 36486

Charlotte NC 28236

**PRIORITY MAIL**    USPS TRACKING #    **9114 9022 0078 9401 9837 53**
& CUSTOMER    For Tracking or inquiries go to USPS.com
RECEIPT    or call 1-800-222-1811.

Marcus D. Jones, City Manager
City of Charlotte – Government Center
600 East Fourth Street
Charlotte, North Carolina 28202

> ***Re:***   ***Reda Dehbi v. City of Charlotte, John Doe 1***
> ***22-CVS-9781***

Dear Mr. Jones:

Enclosed please find the following regarding the above-referenced matter:

1. Application and Order Extending Time to File Complaint filed 5/31/2022
2. Civil Summons for City of Charlotte and John Doe 1 filed 5/31/2022
3. Complaint filed June 17, 2022

Sincerely yours,

*Vicky Reddy*

Vicky Reddy, Legal  Assistant to
James E. Ferguson, II
Enclosures

# STATE OF NORTH CAROLINA   31  P 2: 09

File No. *22 CvS 878 1*

Mecklenburg _____ County   CLDKLENBURG CO., C.S.C.

BY

In The General Court Of Justice
☐ District   ☒ Superior Court Division

| Name Of Plaintiff | |
|---|---|
| Reda Dehbi | |

**VERSUS**

| Name Of Defendant | |
|---|---|
| City of Charlotte;  John Doe 1 | |

## APPLICATION AND ORDER
## EXTENDING TIME TO
## FILE COMPLAINT

G.S. 1A-1, Rule 3

| APPLICATION |
|---|

The undersigned requests permission to file a complaint in this action within twenty (20) days of any order granting this Application, as provided in Rule 3 of the Rules of Civil Procedure. The nature and purpose of the action are:

*Name And Purpose Of The Action*

This is an action for police misconduct.

| Date | Signature | |
|---|---|---|
| 05-31-2022 | *Jammn E. Ferguson* | ☐ Applicant  ☒ Attorney For Applicant |

| ORDER |
|---|

The Court states that the nature and purpose of this action are as set forth above.

Therefore, it is ORDERED that permission is granted to the applicant to file a complaint in this action up to and including the date shown below.

| File Complaint On Or Before 6-20-22 | Date Of Order  S-31-20 |
|---|---|
| *(Date must be within 20 days of date of Order.)* | Signature |
| | ☐ Assistant Clerk Of Superior Court   ☐ Clerk Of Superior Court |

**NOTE:** *Under Rule 3 of the Rules of Civil Procedure, upon entry of this Order, a summons shall be issued and the summons and a copy of this Order must be served in accordance with the provisions of Rule 4. A complaint must be filed in this action within the period provided above and that complaint must be served in accordance with the provisions of Rule 4 or by registered mail if the plaintiff so elects. If a complaint is not filed within the above period, the action shall abate.*

AOC-CV-101, Rev. 7/11
© 2011 Administrative Office of the Courts

(Over)

# STATE OF NORTH CAROLINA

_____Mecklenburg_____ County

▶ File No. `22 CuS 8781`

In The General Court Of Justice
☐ District ☒ Superior Court Division

| Name Of Plaintiff | |
|---|---|
| REDA DEHBI | **CIVIL SUMMONS** |
| _Address_ | ☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)** |
| 7413 Chesterbrook Lane | |
| _City, State, Zip_ | |
| Charlotte, North Carolina 28273 | G.S. 1A-1, Rules 3 and 4 |

**VERSUS**

| Name Of Defendant(s) | Date Original Summons Issued |
|---|---|
| CITY OF CHARLOTTE;  JOHN DOE 1 | |
| | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| City of Charlotte by serving: Marcus D. Jones, City Manager | John Doe 1 by serving:  Marcus D. Jones, City Manager |
| City of Charlotte - Government Center | City of Charlotte - Government Center |
| 600 East Fourth Street | 600 East Fourth Street |
| Charlotte, North Carolina 28202 | Charlotte, North Carolina 28202 |

⚠ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!**
**Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1.  Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2.  File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued `5·31·22` | Time `2:09` ☐ AM ☒ PM |
|---|---|---|
| James E. Ferguson, II | Signature | |
| Ferguson, Chambers & Sumter, PA | | |
| 309 East Morehead Street, Suite 110 | | |
| Charlotte, North Carolina 28202 | ☐ Deputy CSC  ☒ Assistant CSC  ☐ Clerk Of Superior Court | |

| ☐ **ENDORSEMENT (ASSESS FEE)** | Date Of Endorsement | Time ☐ AM ☐ PM |
|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Signature | |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** _Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed._

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid
$ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

FILED

2022 JUN 17  A  8: 46

MECKLENBURG CO., C.S.C

BY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
Case No. 22 CVS 8781

REDA DEHBI,

               Plaintiff,

CITY OF CHARLOTTE,
JOHN DOE I,

               Defendants.

)
)
)
)
)
)
)
)
)

**COMPLAINT**
**JURY TRIAL DEMANDED**

Plaintiff, Reda Dehbi, by and through his undersigned counsel, complaining of the

Defendants, alleges and says:

## INTRODUCTION

1.      Reda Dehbi, Plaintiff, brings this action seeking legal and equitable

relief under the North Carolina Constitution, certain laws of the State of North Carolina, the

Common Law of North Carolina, 42 U.S.C., Section 1983, 42 U.S.C. Section 1985 and the United

States Constitution, from the wrongful acts of the defendants in assaulting and injuring

P laintiff, without just cause or provocation, through the use of a vicious police canine named Otto.

Plaintiff has suffered, and continues to suffer, grievous and permanent injury as a result of Defendants' use

and misuse of a police canine in arresting Plaintiff ion or about June 1, 2019. Plaintiff further seeks

redress for the defendants bringing false and unfounded criminal charges against Plaintiff which

were resolved in Plaintiff's favor.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked pursuant to the North Carolina Constitution,

Article IV, Section 12 and North Carolina General Statutes, Sections 7A-3, 7A-240 and 7A-243.

1

Plaintiff seeks damages in excess of $25,000.00.

3. This Court has subject matter jurisdiction over this lawsuit because Plaintiff asserts claims for relief under Article 1, Section 19 of the North Carolina Constitution and for violation of certain laws of the State of North Carolina. This Court has jurisdiction over the federal claims contained herein under the doctrine of pendent jurisdiction.

4. Venue is proper pursuant to North Carolina General Statutes Sections 1-77 and 1-82, as the Plaintiff resides in Charlotte, North Carolina, Mecklenburg County.

5. This Court has personal jurisdiction over all parties in this action pursuant to North Carolina General Statutes Section 1-75.4.

6. To the extent the Defendants herein may seek to invoke the doctrine of governmental or other immunity in bar of the claims asserted herein, Defendants have waived sovereign or governmental immunity through the purchase of one or more policies of liability insurance pursuant to North Carolina General Statutes Section 153(a)45, by purchasing liability insurance pursuant to North Carolina General Statutes Section 122.8, by participating in a local government risk pool pursuant to North Carolina General Statutes Section 58-23-5, by settling similar claims or actions, and/or by otherwise waiving government or sovereign immunity through their actions.

## PARTIES

7. Plaintiff Reda Dehbi, at all times relevant to this Complaint, is a resident of the City of Charlotte, Mecklenburg County, North Carolina.

8. The City of Charlotte is liable for the actions of its sworn police officers described herein in that the actions of its police officers, as described herein, were carried out in the course and scope of their actions as police officers acting on behalf of the City of Charlotte, North Carolina. The Charlotte police officers referred to herein, at all times relevant to this Complaint,

2

were acting in their capacities as police officers of the city of Charlotte or outside the scope of their lawful authority, but were representatives of the City of Charlotte. The City of Charlotte was acting through the individual police officers referred to herein, whether known or unknown. The Charlotte police officers, referred to herein, at all relevant times herein, were acting in their capacity as police officers of the City of Charlotte. Their actions described herein were deliberate, grossly negligent, intentional, malicious, wanton, willful, done with conscious or reckless disregard of the rights of Plaintiff, or were taken beyond the scope of their lawful authority, piercing any public official immunity that might otherwise shield them from liability from the claims alleged therein.

## FACTS

9.      Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint.

10.     On or about June 1, 2019, Plaintiff, at the request of his child's mother, Ashley Gonzales, went to the home of Ashley Gonzales to attend his child while Ms. Gonzales attended to her personal affairs away from the home.

11.     While at the home of Ashley Gonzales, Plaintiff engaged in an argument with his child's mother.

12.     During the argument between Plaintiff and Ms. Gonzalez, Ms. Gonzales became upset with Plaintiff and called the police and reported him to be in violation of a restraining order that she had previously obtained against him.

13.     Upon noting the arrival of the police officers, Plaintiff left the interior of the home of Ms. Gonzales and went outside into the yard and laid face down while the officers approached the house.

3

14.     Charlotte police officer John Doe 1 (now known as and hereinafter referred to as K-9 Officer Maas) released a police canine, by the name of Otto, upon Plaintiff, who was lying harmlessly and peacefully in the yard.  At the direction of his trainer, K-9 Officer Maas, the police canine, Otto, immediately went to Plaintiff,  who was lying harmlessly and peacefully on the ground, and immediately attacked him viciously.

15.     Plaintiff attempted to fend off the police canine, Otto, by attempting to push him away.  His efforts were unsuccessful.

16.     The police canine, Otto, viciously attacked Plaintiff who was unable to fend Otto off.

17.     Otto bit Plaintiff about his right thigh, biting into his skin and damaging a nerve in his right upper thigh, causing Plaintiff to bleed and cry out in pain.  Charlotte Police Officer John Doe 1, K-9 Officer Maas, clearly saw, or should have seen, that the police canine, Otto, was viciously attacking Plaintiff while he was helpless in trying to fend Otto off.

18.     Once Charlotte  K-9 Officer Maas reached the spot where the police canine, Otto, was viciously attacking Plaintiff, she paused and allowed Otto to continue to viciously attack and bite Plaintiff, although Plaintiff was screaming out and crying in pain.

19.     Only after police canine, Otto, had bitten Plaintiff multiple times, damaging beyond repair the nerve in Plaintiff's right thigh, did K-9 Officer Maas take canine Otto off of Plaintiff.

20.     By this time Plaintiff had already suffered and was continuing to suffer serious and permanent injury from the attack by police canine, Otto.

21.     Plaintiff had been so severely attacked and injured by police canine Otto that he had to be immediately taken directly to the Emergency Room for medical care.

4

22.     At the Emergency Room, Plaintiff was treated for his injuries and wounds inflicted by police canine Otto, who, at all times, was under the direction and control of K-9 Officer Maas.

23.     Among other treatment for his injuries inflicted by canine Otto, Plaintiff had to have a nerve replacement in his right upper thigh. Plaintiff continues to suffer permanent injury and scars from the vicious attack by police canine Otto.

24.     As a direct, proximate and foreseeable result of the negligent acts and omissions of the City of Charlotte, through its agent John Doe 1 (K-9 Officer Maas), and other agents who supported, encouraged and approved the negligent actions of Charlotte police officer John Doe 1, (K-9 Officer Maas), in ordering, allowing and approving the actions of police canine Otto who viciously and ferociously, without cause, attacked and permanently injured Plaintiff.

25.     As a direct, proximate and foreseeable result of the negligent acts and omissions of the Charlotte Police Department and its agents, servants and employees, as complained of herein, Plaintiff has suffered severe physical, mental and emotional injuries after being needlessly attacked by police canine Otto.

## CLAIMS FOR RELIEF

26.     Plaintiff herein re-alleges and incorporates by reference all preceding paragraphs of this Complaint.

27.     Defendant City of Charlotte, acting through its employees, agents and servants, owed Plaintiff a duty to:

(a)     Use no more force than was reasonably necessary in the circumstance;

(b)     Use the police canine in effectuating a search and/or apprehension and arrest only to the extent necessary and appropriate, with due regard for the safety of others;

28.     The City of Charlotte, acting through its agent K-9 Officer Maas and other servants

5

and employees, violated its duty to protect citizens, residents, and other persons in the city of Charlotte from danger and injury by police officers and police canines.

29.     Defendant City of Charlotte violated its duty to protect persons who were being apprehended or arrested by police officers of the City of Charlotte.

30.     The actions of the City of Charlotte in causing and allowing Plaintiff's injuries by a police canine were grossly negligent, malicious, wanton, willful and/or done with reckless disregard for the rights of others.

31.     The negligent and/or actions of the City of Charlotte occurred in the course and scope of its police officer John Doe 1 (K-9 Officer Maas) and other Charlotte police officers imputed to their employer, the City of Charlotte, under the principle of *respondeat superior*.

32.     The City of Charlotte, acting by and through its agents, including K-9 Officer Maas and police canine Otto, are imputed to the City of Charlotte under the doctrine of *respondeat superior*.

33.     Moreover, the violations of generally accepted law enforcement customs and practice in this situation, including the wrongful and grossly negligent use of a police canine, were direct and foreseeable results of grossly inadequate supervisory and training policies and practices on the part of the City of Charlotte.  The City of Charlotte failed to train its employees on how to properly use a police canine during the course of an arrest of a peaceful arrestee.

34.     The negligence and gross negligence of Defendants entitle Plaintiff to recover compensatory damages for the pain and suffering that he suffered at the hands of police officers and a police canine.

35.     Defendant City of Charlotte, acting through its police officer K-9 Officer Maas and police canine Otto, acted with malicious, deliberate, willful, wanton and reckless disregard of the

6

rights and privileges of Plaintiff, entitling Plaintiff to recover punitive damages, as well as compensatory damages.

## JURY TRIAL DEMAND

36.     Plaintiff requests that all issues be tried before a jury of his peers.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

(1)     A trial by jury;

(2)     Compensatory damages in excess of $25,000 on each of his claims;

(3)     Punitive damages against Defendant John Doe 1 (K-9 Officer Maas), in her individual capacity;

(4)     Costs and expenses in this action; and

(5)     Such other and further relief as may be just and appropriate.


This 17th day of June, 2022.

JAMES E. FERGUSON, II
N.C. Bar No. 1434
FERGUSON, CHAMBERS & SUMTER, P.A.
309 East Morehead Street
Suite 110
Charlotte, North Carolina 28202
Telephone:    704/375-8461
Facsimile:     980/938-4867
E-mail:         Fergietwo@aol.com

Attorney for Plaintiff.

7