IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:22-CV-305-KDB-DCK

| | |
|---|---|
| REBA DEHBI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CONSENT** |
| ) | **PROTECTIVE ORDER** |
| CITY OF CHARLOTTE, and JOHN DOE 1, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on the parties' "Joint Motion For Entry Of Protective Order" (Document No. 10) filed November 30, 2022. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion.

**IT IS, THEREFORE, ORDERED** that the parties' proposed Protective Order is entered as follows.

The parties hereto and their respective counsel, hereby stipulate and agree, that certain documents and information requested by the parties in oral and written discovery in this action may contain confidential financial, commercial, personal, medical, or business information, which should be protected from unauthorized disclosure. Accordingly, confidential documents and information will be governed by the following terms, conditions, restrictions, and procedures of this Consent Protective Order.

It is hereby ordered that any documents and information that otherwise would be withheld pursuant to N.C. Gen. Stat. § 160A-168, N.C. Gen. Stat. § 132-1.4, and N.C. Gen. Stat. § 132-

1.4A shall be produced in accordance with this Consent Protective Order, and that such documents and information, and any other documents and information that contain confidential information, shall be had only upon the following terms and conditions:

1. All information and documents produced and identified by a party as containing confidential information and designated as **CONFIDENTIAL** in accordance with this Consent Protective Order shall be treated as confidential and not disseminated or further disclosed except in accordance with this Consent Protective Order and within the course of this proceeding and any subsequent appellate proceedings.

2. A party may designate information, documents, or things which it believes is subject to the confidentiality protections under this Order by placing on the face of such material the word **"CONFIDENTIAL"**, or by otherwise notifying the non-disclosing party's counsel in writing and specifically identifying the documents or information that it maintains is **CONFIDENTIAL**.

3. A party may disclose confidential information designated as confidential pursuant to this Consent Protective Order only to

      a. The Court;

      b. The parties and their counsel;

      c. Staff of counsel's law firm who assist with the preparation or filing of exhibits or other documents;

      d. Consultants or experts retained or who may be retained for litigation purposes;

      e. Witnesses or prospective witnesses for discovery, trial preparation, or trial purposes;

      f. Court reporters employed for the purpose of taking depositions; and

g. Service contractors such as copying or imaging service providers who assist with the preparation of exhibits, discovery responses or other documents.

4. Any person other than a party, a party's counsel and staff, court reporters and their staff, and the Court and its staff, who are provided with confidential information or shown confidential documents, shall execute the form attached as **Exhibit A** prior to disclosure of confidential information. The disclosing party shall transmit an executed copy of **Exhibit A** to the non-disclosing party within fourteen (14) days of the execution of **Exhibit A**.

5. Counsel for the parties shall keep a record of persons to whom disclosures are made if the person receiving disclosure is required under the provisions of paragraph four above to execute **Exhibit A**. Counsel for the parties shall retain all disclosure forms signed by such persons.

6. The parties propose that all confidential materials covered by this Order shall be returned to counsel for the party who provided access to the materials, or destroyed, within sixty (60) days after final disposition of the matter, except that counsel of record for each party may retain one copy in accordance with that party's document retention or destruction policies. However, any confidential documents and information so retained will continue to be treated as confidential and governed by this Order. Notwithstanding the provisions of this paragraph, the ultimate disposition of confidential documents and information is subject to a final Order of this Court upon completion of this litigation.

7. Documents, information, and body worn camera footage designated as **CONFIDENTIAL** may be utilized in depositions which are taken in the course of litigation. Either during the course of the deposition or within ten (10) business days of the close of discovery, a Party may designate deposition testimony as "CONFIDENTIAL." Such a designation shall be

specific as to the portion(s) of testimony to be designated as "CONFIDENTIAL" including page and line numbers. A designating party must serve a Notice of Designation in writing to all Parties of record as to specific portions of the transcript to be designated "CONFIDENTIAL." Thereafter, those portions so designated shall be protected under this Order.

8. When a party seeks to file with the Court confidential information or documents, including confidential portions of any transcript, the party shall follow W.D.N.C. Local Rule LCvR 6.1. If the party seeking to file confidential information or documents is not the party who designated such information and documents confidential pursuant to paragraph 2 above, then they shall provide the party who so designated notice of their intent to file before they file the requisite motion under LCvR 6.1(c) so that the parties can confer as to whether such information and documents should be filed under seal. Notwithstanding a party's desire to file confidential documents under seal, any motion, memorandum, document, or other paper filed with the Court is presumptively deemed to be a public document and any decision of the Court regarding whether to allow any filing to be made under seal is subject to Local Rule 6.1 and applicable law.

9. The production by either party of confidential information and documents pursuant to the terms of this Order shall not waive or prejudice the right of either party to object to the admissibility of the documents or information on other grounds; and the production of such information or documents shall not be considered an acknowledgement that the materials may be admissible into evidence at trial of this action.

10. In the event a party disputes the designation of information or documents as **CONFIDENTIAL**, counsel for the disputing party shall notify the designating party in writing of such dispute, which may include notification by email. In an effort to settle such dispute without

4

judicial intervention, the parties shall confer to determine whether the restrictions imposed by this Order are warranted with respect to such disputed designation. If the parties cannot resolve the dispute, the disputing party or designating party may file a motion with the Court for a ruling on the designation.

11. When the parties dispute a confidentiality designation as set forth in paragraph 10 above, the party maintaining that the information or documents are confidential shall bear the burden before the Court to show that the information or documents are entitled to continued protection under the Order. During the pendency of such dispute or motion and until the Court rules, the information or documents designated as **CONFIDENTIAL** shall remain subject to the designations and restrictions of this Order.

12. The handling of information designated as **CONFIDENTIAL** at trial shall be a matter addressed by the Court at the final pre-trial conference.

13. Nothing in this Order shall require disclosure of material which is protected from disclosure by the attorney-client privilege, as constituting attorney work product, or any other valid objection or privilege. Additionally, inadvertent disclosure of any document or materials subject to a legitimate claim that the document or materials are subject to or otherwise protected from disclosure under the attorney-client privilege, work product doctrine, or any other type of legally recognized protection or privilege, shall not waive the protection for either the document or information contained in the documents or materials.

14. Pursuant to Federal Rule of Evidence 502(b) and (d), an inadvertent failure to designate qualified information, documents, or items as "CONFIDENTIAL" does not waive the designating party's right to secure protection under this Order for such material. If material is

designated as "CONFIDENTIAL" after the material was initially produced, the receiving party, on timely notification of the designation by the designating party, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. If a party disputes the subsequent designation of material as "CONFIDENTIAL" under this paragraph, a party may dispute the designation as provided in paragraph 10 above.

15. This Order does not apply to any documents or information which are deemed to be a "matter of public record" pursuant to N.C. Gen. Stat. §160A-168, N.C. Gen. Stat. § 132-1.4 or the North Carolina Public Records Act, N.C.G.S. §§ 132 -1 et seq.

16. This Order shall not prevent any party from applying to the Court for relief, or from applying to the Court for additional protective orders, or from the parties agreeing among themselves to the modification of this protective order, subject to the approval of the Court.

CLAWBACK PROTOCOL.

17. No Waiver by Disclosure of Information. If a Producing Party inadvertently discloses information in this Action, the disclosure will not constitute or be deemed a wavier—in this Action or in any other state or federal Action or proceeding—of any claim of the attorney-client privilege and/or work product doctrine that the Producing Party would otherwise be entitled to assert with respect to the information or its subject matter. This Consent Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

18. Notification. The Producing Party must notify the Receiving Party, in writing, that privileged and/or work product information has been produced or otherwise disclosed. The Producing Party must provide this written notice promptly following its discovery of the production or disclosure. The Producing Party shall not be deemed to have waived any rights by

6

such disclosure, or by its failure to object to the use of the information by the Receiving Party after its disclosure so long as the Producing Party provides prompt written notice to the Receiving Party. Upon its receipt of this written notice, the Receiving Party must immediately cease reviewing and circulating such information or using it for any purpose, until further order of the Court. Within ten (10) business days of receiving this written notice, the Receiving Party must return to the Producing Party or destroy (deleted, in the case of electronically stored information), at the Producing Party's option, such information and all reasonably accessible copies of it. The Receiving Party must also certify in writing to the Producing Party that it has returned or destroyed the information and has made reasonably diligent efforts to identify and destroy all copies of it. If such information is in electronic format and has been stored on a source of electronically stored information that is not reasonably accessible, such as disaster backup recovery media, the Receiving Party shall sequester the information and if the information is retrieved, the Receiving Party must promptly delete it.

19. Challenging Claim of Privilege or Work Product Protection. The Receiving Party may challenge the Producing Party's claim of attorney-client privilege or work product protection with respect to any of the disclosed information. The Receiving Party, however, cannot argue that the disclosure itself of the information waived or forfeited the privilege or work product protection, that the disclosure of the information was not inadvertent, that the Producing Party did not take reasonable steps to prevent the disclosure of the privileged information or that the Producing Party failed to take reasonable steps to rectify the error as set forth in Federal Rule of Civil Procedure 26(b)(5)(B). In the event the Receiving Party disputes the claim of privilege or work product protection, the Receiving Party must, within fifteen (15) business days after it receives the Producing Party's initial written notice, move the Court for an order compelling the production of

7

Case 3:22-cv-00305-KDB-DCK   Document 11   Filed 12/01/22   Page 7 of 10

the disputed information. Prior to filing and serving its motion, the Receiving Party shall give the Producing Party written notice of the basis of its challenge and shall be entitled to retain one copy of the disputed document or information to use in bringing its motion to compel. If the Receiving Party fails to seek a court order, it shall return or destroy, at the Producing Party's option, all copies of the disputed document or information upon the expiration of the 15-day period.

20. Stipulated Time Periods. The Parties may stipulate to extend the time periods.

21. Destruction of Derivative Material. In the event the Receiving Party or any of its experts or agents prepared any analyses, memoranda, notes, or other material based on or derived from disclosed information, the Receiving Party shall immediately retrieve such material and place it in sealed envelopes. Thereafter, the Receiving Party shall destroy the material if either: the Receiving Party does not dispute that the disclosed information is privileged or protected work-product; or the Receiving Party brings a motion to compel and the Court rules that the information is privileged or protected work product. The analyses, memoranda, notes or other material may be removed from their sealed envelopes and used for their intended purpose only if either: the Producing Party agrees in writing that the disclosed information is not privileged or work product protected; or the Court rules that the information is not privileged or work product protected.

22. Burden of Proving Privilege or Work Product Protection. If the Receiving Party challenges the claim of attorney-client privilege and/or work product protection, the Producing Party bears the burden of establishing that the disclosed information is privileged and/or work product protected.

23. Inapplicability of Rule 502(b). Federal Rule of Evidence 502(b) is inapplicable to the inadvertent disclosure or production of otherwise privileged or work product protected

information under this Consent Protective Order and the Parties are excused from the requirements of the Rule.

24. This Order may be modified only upon further order of this Court.

**SO ORDERED**.

Signed: November 30, 2022

David C. Keesler
United States Magistrate Judge

**WE CONSENT:**

| /s/ James E. Ferguson, II<br>James E. Ferguson, II<br>N.C. Bar No: 1434<br>Ferguson, Chambers & Sumter, P.A.<br>309 E. Morehead Street, Suite 110<br>Charlotte, North Carolina 28202<br>Telephone: 704.375.8461<br>Facsimile: 980.938.4867<br>E-mail: fergietwo@aol.com<br><br>*Attorney for Plaintiff* | /s/ Roger A. McCalman<br>Roger A. McCalman<br>Assistant City Attorney<br>600 East Fourth Street<br>Suite 454<br>Charlotte, North Carolina 28202-2841<br>Telephone: 704/353-0299<br>Facsimile: 704/632-8160<br>Roger.McCalman@charlottenc.gov<br><br>*Attorney for Defendants City of Charlotte and John Doe I* |

9

# EXHIBIT A

## Agreement concerning materials covered by a Protective Order entered in the United States District Court for the Western District of North Carolina.

The Undersigned acknowledges that she/he has read the Protective Order entered by the Court dated _____, 2022, in <u>Reba Dehbi v. City Of Charlotte and John Doe 1</u> Civil Action No. 3:22-CV-305-KDB-DCK, and understands the terms thereof, and agrees to be bound by such terms. The undersigned hereby acknowledges that she/he is subject to the jurisdiction of the United States District Court for the Western District of North Carolina with regard to this Protective Order and understands (1) a violation of the Order shall subject the offender to such penalties, damages and other relief as may be permitted by law, and (2) that the jurisdiction of the Court regarding this Order survives any settlement, discontinuance, dismissal, judgment, or other disposition of this action.

_____
(Date)

_____
(Signature)

Subscribed and sworn before me,

This _____ day of _____, 20\_\_\_\_\_.

_____
NOTARY PUBLIC

My commission expires:_____